JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3697
FAX: (510) 637-3724

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROGER GALLUP,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>    Defendant. | No. C 09-00210-SC<br><br><br><br>STIPULATION AND [~~PROPOSED~~] ORDER |

## I. INTRODUCTION

Plaintiff, by and through his attorney of record and Defendant, by and through its attorneys of record, hereby stipulate, subject to approval of the Court, to the following: (1) to withdraw the government's motion to dismiss or, in the alternative, compel cooperation in discovery; (2) to vacate the December 18, 2009 hearing date on the government's motion to dismiss or, in the alternative, compel cooperation in discovery; (3) to vacate the further case management conference currently scheduled for January 8, 2010; (4) to extend the deadline for participating in a mediation from December 28, 2009, to June 11, 2010; and (5) to revise the discovery deadlines that the parties proposed in their joint case management statement.

## II. PROCEDURAL HISTORY

On January 16, 2009, Plaintiff Roger Gallup filed the above-entitled action alleging that he was injured on January 17, 2007, as he exited his vehicle and slipped and fell on a patch of ice in the parking lot of the United States Post Office located at 4300 Black Avenue, Pleasanton, California. In the complaint, Plaintiff contends that Defendant failed to post warnings of the existence of ice and breached its duty to maintain its property in a safe condition.

Plaintiff properly served Defendant on February 20, 2009, and Defendant filed an Answer on April 6, 2009. The parties submitted a joint case management statement on April 24, 2009, and this Court conducted a case management conference on May 1, 2009. At the case management conference, at which Edward A. Olsen appeared for the government and Lisa Goldstein from the law office of Woodall & Almeida appeared for the Plaintiff, the parties were directed to participate in a mediation and to appear back in Court on January 8, 2010, for a further case management conference.

In order to proceed with discovery in this case, government counsel sent Ms. Goldstein a letter, dated April 1, 2009, attaching an Authorization to Release Medical Information and asking opposing counsel to please have her client sign the Authorization. On June 17, 2009, government counsel sent a follow-up letter to Ms. Goldstein, reiterating his request that she have her client sign an Authorization to Release Medical Information and volunteering to accommodate a request Ms. Goldstein had made not to subpoena medical records more than five years prior to the date of the accident. *Id.* On July 6, 2009, government counsel called Ms. Goldstein to discuss, among other topics, whether her client had signed the Authorization to Release Medical Information and opposing counsel stated that she would check with her client. The parties also discussed whether to participate in a mediation before significant discovery or afterwards, and agreed to discuss the subject of the timing of mediation with our clients and get back to each other.

Despite a series of attempts to reach Ms. Goldstein by telephone and letter, the July 6, 2009 conversation was the last communication government counsel had with plaintiff's counsel in three months. Accordingly, on October 7, 2009, government counsel filed a motion asking this Court to dismiss the plaintiff's action under Fed. R. Civ. P. 41(b) for failure to prosecute or, in the

alternative, to compel the plaintiff's immediate cooperation in the discovery and mediation process pursuant to Fed. R. Civ. P. 37(a).

On October 22, 2009, government counsel learned from the law office of Woodall and Almeida that Ms. Goldstein had left employment with the law office on October 21, 2009. Attorney Scott Woodall from the law office of Woodall and Almeida has agreed to provide government counsel with his client's signed Authorization to Release Medical Information forthwith.

### III. THE STIPULATION

In light of the fact that Ms. Goldstein has left her law office and the fact that the government expects to receive the plaintiff's signed Authorization to Release Medical Information forthwith, the parties respectfully ask this Court to:

(1) deem withdrawn the government's motion to dismiss or, in the alternative, compel cooperation in discovery;

(2) vacate the December 18, 2009 hearing date on the government's motion to dismiss or, in the alternative, compel cooperation in discovery;

(3) vacate the further case management conference currently scheduled for January 8, 2010;

(4) extend the deadline for participating in a mediation from December 28, 2009, to June 11, 2010; and

(5) extend the discovery deadlines that the parties proposed in their joint case management statement as follows:

>Fact Discovery Cut-Off: April 16, 2010.
>
>Expert Witnesses: Disclosure of expert witnesses and reports shall be completed by May 7, 2010.
>
>Expert Discovery Cut–Off: Expert discovery will be completed by June 4, 2010.
>
>Hearing on Dispositive Motions (if any): August 6, 2010.

//
//

| | |
|---|---|
| DATED: November 19, 2009 | JOSEPH P. RUSSONIELLO<br>United States Attorney<br><br>/s/<br>EDWARD A. OLSEN<br>Assistant United States Attorney |
| DATED: November 19, 2009 | /s/<br>SCOTT WOODALL<br>WOODALL & ALMEIDA<br>Attorney for Plaintiff |

## [~~PROPOSED~~] ORDER

Pursuant to stipulation, is is SO ORDERED THAT:

(1) The government's motion to dismiss or, in the alternative, compel cooperation in discovery, is withdrawn;

(2) The December 18, 2009 hearing date on the government's motion to dismiss or, in the alternative, compel cooperation in discovery, is vacated;

(3) The further case management conference currently scheduled for January 8, 2010, is ~~vacated;~~ Continued to August 6, 2010 at 10:00 A.M.

(4) The deadline for participating in a mediation is extended from December 28, 2009, to June 11, 2010;

(5) The discovery deadlines that the parties proposed in their joint case management statement are revised as follows:

> Fact Discovery Cut-Off: April 16, 2010.
>
> Expert Witnesses: Disclosure of expert witnesses and reports shall be completed by May 7, 2010.
>
> Expert Discovery Cut-Off: Expert discovery will be completed by June 4, 2010.
>
> Hearing on Dispositive Motions (if any): August 6, 2010.

IT IS SO ORDERED
U.S. DISTRICT JUDGE

STIPULATION AND PROPOSED ORDER
C 09-0210-SC                             4

1
2  DATED: _____, 2009
3  _____
   SAMUEL CONTI
   United States District Judge
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION AND PROPOSED ORDER
C 09-0210-SC                                5